IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1022-12





MICHAEL COOPER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TRAVIS COUNTY





 Johnson, J., delivered the opinion of the Court in which Keller, P.J., and
Meyers, Cochran, and Alcalá, JJ., joined. Keller, P.J., filed a concurring opinion
in which Johnson, J., joined. Cochran, J., filed a concurring opinion in which
Alcalá, J., joined. Price, J., filed a dissenting opinion in which Keasler and
Hervey, JJ., joined. Womack, J., did not participate.


O P I N I O N



 Appellant was convicted of five counts of aggravated robbery pursuant to an indictment that
named three different complainants, with all counts arising from a single home invasion. Two
counts named Andrew Chaney as the complainant, two counts named James Barker as the
complainant, and one count named Paul Linden as the complainant. The jury found him guilty of
all five counts in the single indictment and assessed appellant's punishment at imprisonment for 60
years on two of the counts, 80 years on two other counts, and 65 years on the remaining count. The
trial court sentenced appellant accordingly and ordered all five sentences to be served concurrently. 
The court of appeals affirmed the judgments. Cooper v. State, 373 S.W.3d 821 (Tex. Crim. App.
2012).

 In his petition to this Court, appellant raises two grounds, both of which challenge the court
of appeals's holding that the Double Jeopardy Clause of the United States Constitution was not
violated when he was convicted of both aggravated robbery by causing bodily injury and aggravated
robbery by threat to the same victim during a single robbery. These grounds involve appellant's
convictions for two separate counts of aggravated robbery of each of two of the named complainants,
Andrew Chaney and James Barker. He does not challenge his conviction for robbing Linden.

 We granted review. After reviewing the opinion of the court of appeals, the record, and the
briefs of the parties, we conclude that appellant's challenged convictions do violate the double-jeopardy clause. Accordingly, we sustain appellant's grounds for review. We reverse the judgment
of the court of appeals and remand this cause to that court for further proceedings and appropriate
disposition.


Delivered: May 14, 2014

Publish